UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE SIMPSON,

        Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*,

        Defendants.
_____/

Case No. 1:24-cv-10996

District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## ORDER DENYING AS MOOT PLAINTIFF'S PENDING MOTIONS (ECF NOs. 6, 7, 9)

Jimmie Lee Simpson (#183627) is currently incarcerated in the Michigan Department of Corrections (MDOC) Carson City Correctional Facility (DRF). (ECF No. 31, PageID.213-214.)  In April 2024, while located at DRF, Plaintiff filed this prisoner civil rights lawsuit *in pro per* against fifteen Defendants – six contract Defendants (Corizon Health, Inc., Wellpath Health, Inc., Coleman, Tran, Couturier, and Massey) and nine MDOC Defendants.  (ECF No. 1, PageID.2-4, 46-48.)  (*See also* ECF Nos. 14, 27.)

Plaintiff is proceeding *in forma pauperis*, and the Court and U.S. Marshal Service (USMS) have facilitated service of process.  (ECF Nos. 5, 8, 10, 11, 12, 16-23, 26.)  However, before the Court granted such relief, Plaintiff filed three motions:  (1) a May 9, 2024 motion related to discovery requests and service of

process (ECF No. 6); (2) a June 21, 2024 motion for clarification / guidance, concerning docket discrepancies (ECF No. 7); and, (3) a July 9, 2024 motion for clarification / guidance, concerning mail he attempted to send on June 20, 2024 but which was returned to him on July 1, 2024 (ECF No. 9). On September 23, 2024, the case was referred to me pursuant to 28 U.S.C. § 636(b)(1)(A)& (B). (ECF No. 13.)

### A. Wellpath's Bankruptcy

As a preliminary matter, the Court finds that resolution of Plaintiff's pending motions is not barred by the underlying bankruptcy. On November 11, 2024, Wellpath Holdings, Inc. filed a Chapter 11 voluntary petition for bankruptcy, and an amended interim order enforcing the automatic stay was entered on November 12, 2024. (*See In re Wellpath Holdings, Inc., et al.*, Case No. 24-90533-ARP (Bankr. S.D. Texas) (ECF No. 29-2).) On November 18, 2024, the contract Defendants in this matter filed a suggestion of bankruptcy and notice of stay as to all parties in this action. (ECF No. 29.) Further, on January 2, 2025, Defendants filed a motion to extend the stay. (ECF No. 34.) The Court has not yet ruled on the suggestion or the motion to extend the stay to determine whether the stay applies in the manner suggested by Defendants. Nonetheless, even if the stay applied, it would not prohibit the denial of Plaintiff's pending motions. For the reasons stated below, Plaintiff's three motions are now demonstrably moot in light

of the current stage of this litigation and/or were premature when filed, as explained herein.

Relevant to this proceeding any stay operates at most to prohibit the "continuation" of a "judicial, administrative, or other action or proceeding *against the debtor*" or to "recover a claim *against the debtor* that arose before the commencement" of the bankruptcy. 11 U.S.C. § 362(a)(1)(emphasis added). By the plain language of the statute, the stay would apply only to the *continuation* of a lawsuit or actions against the debtor. There is nothing in the statutory language that would prohibit the denial of motions which are now moot for reasons unrelated to the bankruptcy. Accordingly, the Court will deny the motions without regard to the suggestion of bankruptcy or the motion to extend the stay.[1]

**B. Motion for Discovery (ECF No. 6)**

In Plaintiff's first motion, he has filed a "request for interrogatories," in which he asks for an order directing Heidi Washington or Dana Nessel, non-parties to this action, to produce various documents Plaintiff then deemed necessary to effectuate service on some of the defendants. The motion (ECF No. 6) is

---

[1] Corizon Health, Inc. – the other contract, corporate Defendant in this matter – has yet to appear in this case. However, on October 3, 2024, counsel for Tehum Care Services, Inc. d/b/a/ Corizon Health, Inc. filed a suggestion of bankruptcy and notice of automatic stay in the instant matter. (ECF No. 15.) *See also In re Tehum Care Services, Inc.*, Case No. 23-90086-CML (Bankr. S.D. Texas) (Chapter 11 voluntary petition).

**DENIED** for various reasons. First, it is improper in that, rather than asking the Court to compel responses to discovery that has already been served, it appears to be asking for discovery directly in the motion, which is not the correct way to seek discovery. Discovery requests are not to be filed on the docket, but served on opposing counsel. Federal Rule of Civil Procedure 5 provides that initial disclosures under Rule 26(a) and "requests for documents or tangible things" must not "be filed until they are used in the proceedings or the court orders filing . . . ." Fed. R. Civ. P. 5(d)(1). Likewise, the Eastern District of Michigan Local Rules state that a party "may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) . . . ." E.D. Mich. LR 26.2.

Moreover, the motion is premature. Until the initial pleadings have been filed and finalized, it is premature to seek discovery because all of the defendants have yet to be served and/or appear, no scheduling order has been entered, and the discovery period has yet to begin. *See Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020) ("In pro se prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines."); *see also DeAngelis v. Cobb,* No. 21-12722, 2022 WL 22837331, at *1 (E.D. Mich. July 29, 2022) ("In prisoner civil litigation, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines after the defendants file an

answer to the complaint. Defendants have yet to file an answer and the Court has not entered a scheduling order.").

Finally, and most fundamentally, since the time when the motion was filed, Plaintiff has effected service on all relevant individual defendants named in the motion, and an attorney has appeared on their behalf. (ECF No. 14.) Accordingly, the basis for the request is moot in any event.

### C. Motions for clarification/guidance (ECF Nos. 7 & 9.)

Also pending before the Court are two motions seeking "clarification" or "guidance" regarding Plaintiff's responsibilities related to his application to proceed *in forma pauperis* as well as the Court's early *pro se* mediation program. Both motions (ECF Nos. 7 & 9) are **DENIED AS MOOT**. After filing his motions, his application to proceed *in forma pauperis* was granted (ECF No. 8), and the Court needs no further information from Plaintiff on his application. Likewise, the Court has not referred this matter to the *pro se* mediation program. Unless a case is deemed eligible for the program, and a referral is entered, Plaintiff has no responsibilities regarding the program. No such referral was entered in this case and, indeed, the Court has found the case to be ineligible for the *pro se* mediation program. (ECF No., PageID.96.) Plaintiff's requests for clarification regarding the program are therefore moot.

Finally, Plaintiff is hereby **CAUTIONED** to refrain from filing repetitive motions seeking "guidance" or "clarification." It is axiomatic that "[t]he Court speaks through its orders," and requests for clarification or status updates are not proper. *Ross v. United States*, No. 1:24-CV-213, 2024 WL 4893303, at *3 (E.D. Tenn. Nov. 26, 2024). Moreover, "the Court cannot give legal advice or assistance to litigants, including pro se litigants." *White v. Michigan*, No. 1:23-CV-1180, 2024 WL 4163378, at *2, n.1 (W.D. Mich. Sept. 12, 2024) (citing *Mayes v. Sehorn,* No. 3:17-cv-01326, 2017 WL 5624495 at *1 (M.D. Tenn. Nov. 22, 2017) (reaching this same conclusion); *Rife v. Jones*, No. 1:22-cv-144, 2022 WL 3586199 (S.D. Ohio Aug. 22, 2022) (same)); *see also Day v. McDonough*, 547 U.S. 198, (2006) ("District judges have no obligation to act as counsel or paralegal to pro se litigants . . ."). "The Court must be impartial to all parties. The Court cannot favor, or appear to favor, one litigant over another litigant." *Id.* Therefore, the Court cannot provide legal advice or aid in response to a motion seeking "clarification" or "guidance." *Id.* (denying request for "basic guidance" with respect to Federal Rules of Civil Procedure 12(b)(6) and 12(e)).

**D. Order**

For the reasons stated above, Plaintiff's three pending motions (ECF Nos. 6, 7, & 9) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**[2]

Dated: January 6, 2025

                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).