UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE SIMPSON,

        Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*,

        Defendants.

_____/

Case No. 1:24-cv-10996

District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

### ORDER (1) GRANTING MOTION TO EXTEND STAY, (2) ISSUING TEMPORARY STAY AND (3) DEEMING THE WELLPATH DEFENDANTS' MOTION TO DISMISS (ECF No. 24) WITHDRAWN WITHOUT PREJUDICE

    Jimmie Lee Simpson (#183627) is currently incarcerated in the Michigan Department of Corrections (MDOC) Carson City Correctional Facility (DRF). (ECF No. 31, PageID.213-214.)  In April 2024, while located at DRF, Simpson filed this prisoner civil rights lawsuit *in pro per* against fifteen Defendants – six contract Defendants (Corizon Health, Inc., Wellpath Health, Inc., Coleman, Tran, Couturier, and Massey) and nine MDOC Defendants.  (ECF No. 1, PageID.2-4, 46-48; *see also* ECF Nos. 14, 27.)  Plaintiff is proceeding *in forma pauperis*, and the Court and the U.S. Marshal Service (USMS) have facilitated service of process. (ECF Nos. 5, 8, 10, 11, 12, 16-23, 26.)

    This case has been referred to me for pretrial matters.  (ECF No. 13.)

Currently before the Court is the Wellpath Defendants' October 22, 2024 motion to dismiss (ECF No. 24), as to which Plaintiff has filed a response (ECF No. 31) and the Wellpath Defendants have filed a notice regarding the deadline for their reply (ECF No. 32). Also pending before the Court is a motion to extend the stay, filed by the Wellpath Defendants. (ECF No. 34.) The Court held a status conference via Zoom, on the record, on April 14, 2025.

### A.   Wellpath's Suggestion of Bankruptcy[1]

On November 11, 2024, Wellpath Holdings, Inc. filed a Chapter 11 voluntary petition for bankruptcy, and an amended interim order enforcing the automatic stay was entered on November 12, 2024. (*See In re Wellpath Holdings, Inc., et al.*, Case No. 24-90533-ARP (Bankr. S.D. Texas) (ECF No. 29-2).) The bankruptcy court's order provides that lawsuits "in which a Debtor is named as one of the defendants . . . [,]" are "stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." (ECF No. 29-2 ¶ 2.)

On November 18, 2024, the contract Defendants in this matter filed a

---

[1] Corizon Health, Inc. – the other contract, corporate Defendant in this matter – has yet to appear in this case. Nonetheless, on October 3, 2024, counsel for Tehum Care Services, Inc. d/b/a/ Corizon Health, Inc. filed a suggestion of bankruptcy and notice of automatic stay in the instant matter. (ECF No. 15.) *See also In re Tehum Care Services, Inc.*, Case No. 23-90086-CML (Bankr. S.D. Texas) (Chapter 11 voluntary petition).

suggestion of bankruptcy and notice of stay. (ECF No. 29.) Thereafter, the Wellpath Defendants filed a "Motion to Extend the Stay," seeking to extend the stay to the individual Wellpath Defendants as well as the corporate entity. (ECF No. 34.) Upon consideration, the Court finds that the bankruptcy court's interim orders have prohibited further progression in this case, including resolution of the Wellpath Defendants' motion to dismiss (*see* ECF No. 24).

While the bankruptcy stay does not necessarily apply to the MDOC Defendants in this case, the Court finds that requiring discovery to proceed piecemeal with some Defendants will ultimately result in duplicative and inefficient expenditure of time and costs, possibly forcing Plaintiff to give two depositions. Further, the Court notes that there is a potential settlement being considered in the bankruptcy court which will be heard on April 30, 2025. If approved, there will be a time period for parties to opt-in or opt-out of the settlement, which could significantly narrow the scope of this litigation. In consideration of these factors, the Court will issue an indefinite stay, which the Court expects to last no more than a few months, to allow the Wellpath bankruptcy court matter time to conclude.

During the April 14, 2025 status conference, the Court discussed, and the parties recognized that efficiency would be better served with a short stay. Further, during the conference, at the Court's suggestion, Defendants agreed to withdraw

their pending motion to dismiss without prejudice to the right to re-file the motion, in whole or in part, after the bankruptcy matter is concluded and the stay is lifted. If the motion is re-filed, Plaintiff will either indicate in writing that he wishes to rely on his previously-submitted response or to file a new response.

### B. Conclusion

Consistent with the foregoing discussion, the Wellpath Defendants' "Motion to Extend the Stay" (ECF No. 34) is **GRANTED** and this case is **HEREBY STAYED** pending further order of the Court. Counsel for Wellpath is **DIRECTED** to file a memorandum on June 15, 2025 updating the Court as to the status of the bankruptcy proceedings and whether any part of the current case has been resolved by settlement. Depending on the contents of the memorandum the Court will either: (1) extend the stay, (2) set a status conference, or (3) issue a scheduling order.

Finally, Defendants' motion to dismiss (ECF No. 24) is **DEEMED WITHDRAWN** pursuant to Counsel's representation during the April 14, 2025 status conference.

**IT IS SO ORDERED.**

Dated: April 18, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE