UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |
|---|---|
| JIMMIE L. SIMPSON,<br><br>      Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC, et. al.,<br><br>      Defendant(s). | Case No. 24-10996<br><br>Honorable Robert J. White |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING THE DEFENDANT'S MOTION TO DISMISS**

I.    Introduction

Plaintiff Jimmie L. Simpson is currently incarcerated with the Michigan Department of Corrections. He filed his *pro se* complaint against several Defendants, but seemingly only one is relevant here: Wellpath Health, Inc. ("Wellpath"), a health care company specializing in jails and prisons.[1] But Simpson's claims against

---

[1] While the motion and briefs appear to be brought solely by Defendant Wellpath, the docket entry indicates that the motion was filed on behalf of Defendants Ricky Coleman, Anhkiet Tran, Gina Courturier, and Tari Massey, who are certain medical professionals who worked for Wellpath. The Magistrate Judge concluded that, because the substance of the motion relates only to Wellpath and not the individual medical providers, the motion was only applicable to Wellpath. The Court also adopts this view for the purpose of addressing the Magistrate Judge's report and

Wellpath are not at issue here today. Instead, Wellpath has filed a motion to dismiss the claims against it based on the company's recent Chapter 11 bankruptcy. It argues that all Simpson's claims against the company are based on alleged conduct that arose prior to the bankruptcy plan's effective date; thus, they are barred under 11 U.S.C. §§ 1141 and 524. (ECF No. 52, PageID.384). And because Simpson did not timely object to the confirmation plan—which is a final judgement—he is precluded from raising his arguments here and must do so in an appeal before the proper court. (*Id.* at PageID.385–86).

Before the Court is Magistrate Judge Anthony P. Patti's report and recommendation dated November 12, 2025. (ECF No. 52). The report recommended that the Court grant the Defendant's motion to dismiss. (ECF No. 45). The Plaintiff timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 54). And the Defendants responded to the Plaintiff's objections. (ECF No. 55).

For the following reasons, the Court will (1) overrule the Plaintiff's objections, (2) adopt the magistrate judge's report and recommendation, and (3) grant the defendant's motion to dismiss.

---

recommendation. To the extent these individual Defendants intended to join this motion, they may file their own separate motion specifying how the bankruptcy discharge relates to them.

II.    Background

Since Simpson does not object to Magistrate Judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the Magistrate Judge's summary of events as they appear in the report and recommendation. (ECF No. 52, PageID.381–83).

III.    Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.    Analysis

Simpson raises two objections to the Magistrate Judge's report and recommendation. First, Simpson appears to rehash an earlier argument that he argued before the Magistrate Judge: that he was not provided proper notice, nor did he have a fair opportunity to file a timely response or opt out of the bankruptcy Plan. (ECF No. 54, PageID.420). Second, he argues that Wellpath misled and misrepresented to the Magistrate Judge that the Bankruptcy Court had already addressed the notice issue and found the procedures adequate and appropriate. (*Id.* at PageID.420–21).

As to Simpson's first objection, this argument was thoroughly litigated before the Magistrate Judge, and this Court's *de novo* review does not change the outcome.

Objections to magistrate judges' reports and recommendations are not meant to rehash arguments that the magistrate judge already considered. *Nickelson v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-00334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012). These objections fail to identify any specific errors in the magistrate judge's report and recommendation. *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citing *Camardo v. Gen. Motors Hourly–Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992)). Therefore, for the reasons outlined in the report and recommendation, Simpson's first objection is overruled.

As to his second objection, it also fails. Indeed, as Wellpath noted, the bankruptcy court clearly stated in its finding of facts when confirming the Chapter 11 Plan:

> [T]he Bankruptcy Court having:
>
> a. found that the notice provided regarding the Confirmation Hearing, and the opportunity for any party in interest to object to final approval of the Disclosure Statement and Confirmation of the Plan, *having been adequate and appropriate under the circumstances and no further notice being required*;

(ECF No. 45-1, PageID.290–91 (emphasis added)). Therefore, the bankruptcy court has already addressed the issue of adequate notice. And, as noted by the Magistrate Judge, "[a] confirmation order is a final judgment in the case, and neither it nor the plan that it confirms may be attacked other than by filing a timely appeal." *In re K.D.*

*Co., Inc.*, 254 B.R. 480, 490 (B.A.P. 10th Cir. 2000) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 170–72, 59 S.Ct. 134, 83 L.Ed. 104 (1938)). Thus, as explained by the Magistrate Judge, Simpson cannot challenge the adequacy of notice in this Court.

Accordingly, it is ORDERED that Plaintiff's objections to the Magistrate Judge's report and recommendation (ECF No. 54) are OVERRULED.

It is further ORDERED that the Magistrate Judge's report and recommendation (ECF No. 52) is ADOPTED.

It is further ORDERED that Defendant Wellpath's motion to dismiss (ECF No. 45) is GRANTED.

It is further ORDERED that Plaintiff's claims against Defendant Wellpath are DISMISSED WITHOUT PREJUDICE.

Dated: June 18, 2026                          s/ Robert J. White
                                              Robert J. White
                                              United States District Judge